UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

VALLEY NATIONAL BANK,

    Plaintiff,

v.                                                    Case No: 8:18-cv-2214-T-60JSS

M/Y LAYLA, JEA HOLDINGS LLLP and
JOSEPH E. ABDO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Attorneys' Fees, Costs and Other Expenses ("Motion"). (Dkt. 43.) For the reasons that follow, the Court recommends that the Motion be granted.

### BACKGROUND

On September 6, 2019, Plaintiff filed its verified complaint seeking to foreclose upon a preferred ship mortgage on the M/Y LAYLA (Official Number 1217393), her engines, tackle, apparel and appurtenances (the "Vessel"). (Dkt. 1.) Upon review of the complaint, the Court issued an arrest warrant for the Vessel. (Dkts. 8, 10.) The Marshal seized the Vessel and placed it in the custody of a substitute custodian. (Dkts. 11, 13.) After providing the required notice to the substitute custodian and registered owners, and after publication of notice, the Court granted Plaintiff's motion for default. (Dkt. 20.) Subsequently, the Court entered final default judgment, *in rem*, in favor of Plaintiff and against the Vessel, and the Court directed the United States Marshals Service to sell the Vessel. (Dkt. 29.)

After entry of judgment (Dkt. 30), the Vessel was sold (Dkt. 31), and the sale was confirmed. (Dkts. 33, 35). Following the sale, the Court entered a deficiency judgment, *in personam*, against JEA Holdings LLLP ("JEA") and Joseph E. Abdo ("Mr. Abdo"). (Dkt. 45). In the Motion, Plaintiff moves for an award of attorneys' fees, costs, and other expenses. (Dkt. 43.)

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to receive costs other than attorneys' fees as limited by 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Additionally, in admiralty actions, "[i]f costs are awarded to any party, then all reasonable expenses paid by the prevailing party incidental to, or arising from the arrest or attachment of any vessel, property and/or cargo shall be taxed as costs in the case." M.D. Fla. Local R. 7.05(o)(2). There is a strong presumption in favor of awarding costs to the prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)

"Attorneys' fees generally are not recoverable in admiralty unless (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1194 (11th Cir. 2001). In determining the amount of attorney's fees to be awarded, courts apply the following three-step process: (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). The party applying for fees bears the burden of establishing the reasonableness of the proffered rate, which can be met by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303–04. In calculating the number of hours that were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

After the lodestar is determined, the court must decide whether an adjustment to the lodestar is necessary based on the results obtained. *Id.* at 1302. As such, the court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)).

## ANALYSIS

### A.     Entitlement

In this case, Plaintiff has prevailed in obtaining default judgment *in rem* (Dkt. 29), sale of the vessel at issue (Dkt. 35), and a deficiency judgment against the individual defendants (Dkt.

42). Thus, Plaintiff is a prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (noting that "a 'prevailing party' is one who has been awarded some relief by the court"). As such, Plaintiff is entitled to costs. *See* Fed. R. Civ. P. 54(d)(1). Additionally, the promissory note that formed the basis of this foreclosure action, provides:

> ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender the amount of those costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorney's fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorney's fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

(Dkt. 1-3 at 2.) Based on the clear language of the contract, Plaintiff is also entitled to recover reasonable attorney's fees. *See Natco*, 267 F.3d at 1194 (holding that attorney's fees are recoverable in admiralty "there is a contract providing for the indemnification of attorneys' fees").

### B. Reasonable Hourly Rate

Plaintiff requests an hourly rate of $350 per hour for attorney Richard Heiden. (Dkt. 43-2 at 2.) In support of this request, Plaintiff submits the affidavit and time records of Mr. Heiden. (Dkt. 43-2 at 1–27.) In his affidavit, Mr. Heiden states that he graduated from law school in 1991 and has "extensive experience in all types of business and commercial litigation, including bank litigation including foreclosure suits and collections." (Dkt. 43-2 at 1.)

The rate requested by Mr. Heiden reflects the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1354–55 (11th Cir. 2000) ("What [an attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'") (quoting *Blum v.*

*Stenson*, 465 U.S. 886, 895 n.11 (1984)); *Townsend v. Let's of Ocala, LLC*, No. 5:14-CV-611-OC-34PRL, 2015 WL 4591927, at *2 (M.D. Fla. July 28, 2015), *report and recommendation adopted*, No. 5:14-CV-611-OC-34PRL, 2015 WL 5132776 (M.D. Fla. Sept. 1, 2015) (finding that a rate of $350 per hour was reasonable for an attorney with over ten years of experience); *McMillan v. Masrtech Grp., Inc.*, No. 8:13-CV-1520-MSS-35, 2014 WL 4297905, at *7 (M.D. Fla. Aug. 28, 2014) (finding that a rate of $350 per hour was reasonable for an attorney with eighteen years of experience).  Therefore, the undersigned recommends an hourly rate of $350 for attorney Mr. Heiden.

Plaintiff also requests an hourly rate of $200 per hour for attorney Eric C. Thiel.  (Dkt. 43-2 at 29.)  In support of this request, Plaintiff submits the affidavit and time records of Mr. Thiel.  (Dkt. 43-2 at 28–55.)  In his affidavit, Mr. Thiel states that he graduated from law school in 2005 and, since 2013, has been board certified by The Florida Bar in admiralty and maritime law.  (Dkt. 43-2 at 28.)

The rate requested by Mr. Thiel is at or below the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *See Provident Bank v. Fox Family, LLC*, No. 6:13–cv–908–Orl–22TBS, 2013 WL 5652721, at *3 (M.D. Fla. Oct. 16, 2013) (finding an hourly rate of $200 to be reasonable "at or below prevailing rates in this district"); *Reliable Salvage and Towing, Inc. v. 35' Sea Ray*, No. 2:09–cv–329–FtM–99SPC, 2011 WL 2418891, at *3 (M.D. Fla. June 13, 2011) (finding an hourly rate of $350 to be reasonable for an attorney with eighteen years of experience in maritime law and an hourly rate of $200 to be reasonable for an associate attorney at the firm).  Therefore, the undersigned recommends an hourly rate of $200 for attorney Mr. Thiel.

Finally, Plaintiff also requests fees at a rate of $100 per hour for work done by Marie Ashford-Smith, a paralegal in Mr. Theil's office.  (Dkt. 43-2 at 39, 46, 50, 52, 54.)  "[P]aralegal fees are recoverable as attorney's fees 'at prevailing market rates.'"  *Callaway v. Acting Comm'r of Soc. Sec.*, No. 19-11417, 2020 WL 1158470, at *2 (11th Cir. Mar. 10, 2020) (quoting *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 589–90 (2008)).  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  But "where documentation or testimonial support is lacking, the court may make the award on its own experience."  *Coastal Fuels Mktg., Inc. v. Fla. Express Sipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000.)

In this case, Plaintiff offers no support for the requested hourly rate for Ms. Ashford-Smith. However, based on the undersigned's experience and results in similar cases, the rate is at or below the prevailing market rate in the relevant legal community for similar paralegal services.  *See Provident Bank*, 2013 WL 5652721, at *2 (finding a rate of $100 per hour to be "at or below" the prevailing rate in this district for a paralegal); *Suncoast Sch. Fed. Credit Union v. M/V Papillon*, No. 8:09-CV-765-T-17AEP, 2010 WL 882889, at *2 (M.D. Fla. Mar. 2, 2010) (finding a rate of $100 per hour to be reasonable for a paralegal even though the plaintiff "failed to submit evidence that the rates are in line with prevailing market rates").  Therefore, the undersigned recommends an hourly rate of $100 per hour for paralegal Ms. Ashford-Smith.

### C. Hours Reasonably Expended

In determining the hours reasonably expended, the Court must ensure that "excessive, redundant or otherwise unnecessary" hours are excluded from the amount claimed.  *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Plaintiff claims 50.35

hours[1] reasonably expended by Mr. Heiden, 73.9 hours reasonably expended by Mr. Thiel, and 42.4 hours reasonably expended by Ms. Ashford-Smith, for a total of 166.65 hours in this case. Although this amount seems high for a case in which no defendant appeared, the undersigned notes that this is an admiralty case that required several steps of litigation, including arrest of the vessel (Dkt. 8), appointment of a substitute custodian (Dkt. 9), default judgment *in rem* (Dkts. 20, 28, 29), sale of the vessel (Dkt. 33), and default judgment *in personam* (Dkts. 38, 40, 42). Upon review of the billing records, none of the tasks billed for appear to be excessive or unnecessary.

The undersigned notes that the Court must "closely scrutinize cases where more than one attorney is involved for possible duplication of effort." *Preston v. Mandeville*, 451 F. Supp. 617, 621 (S.D. Ala. 1978). However, there "is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not *unreasonably* doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 835 F.3d at 1302 (emphasis added). In this case, although there is some overlap, it appears that each attorney is being compensated for their distinct contributions based on each attorney's area of expertise. Thus, the undersigned finds the hours expended to be reasonable.

Based on the foregoing, the lodestar for Mr. Heiden's fees is the reasonable hourly rate of $350 multiplied by the 50.35 hours reasonably expended, totaling $17,622.50; the lodestar for Mr. Theil's fees is the reasonable hourly rate of $200 multiplied by the 73.9 hours reasonably expended, totaling $14,780; and the lodestar for Ms. Ashford-Smith is the reasonable hourly rate of $100 multiplied by the 42.4 hours reasonably expended, totaling $4,240. The total lodestar is $36,642.50.

---

[1] Mr. Heiden's declaration claim's 50.65 hours but the attached billing records do not align with that number.

### D. Adjustments to Lodestar

After determining the lodestar amount, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). In determining whether to adjust the lodestar amount, the court should compensate for all hours reasonably expended if the result was excellent, but must reduce the lodestar if the result was partial or limited success. *Norman*, 836 F.2d at 1302. When reducing the amount of attorney's fees awarded to account for limited success, the court may attempt to identify specific hours that should be eliminated or may simply reduce the award by some proportion. *Id.* (citing *Hensley*, 461 U.S. at 436–37).

Upon consideration, no adjustment to the lodestar is recommended as Plaintiff prevailed and received default judgment *in rem*, forced a sale of the vessel, and received an *in personam* deficiency judgment. Accordingly, it is recommended that Plaintiff be awarded reasonable attorney's fees in the amount of $36,642.50.

### E. Costs

As the prevailing parties, Plaintiff seeks to recover taxable costs pursuant to Rule 54(d) and *custodia legis* expenses pursuant to Local Admiralty Rule 7.05. *See* Fed. R. Civ. P. 54(d); M.D. Fla. Local R. 7.05(o). Plaintiff seeks a total of $540 in costs, including "the filing fee ($400.00), and costs of service of process ($140.00)." (Dkt. 43 at 4.) Plaintiff also seeks a total of $9,561.34 in *custodia legis expenses*, including "the costs to move the vessel to the substitute custodian's premises ($1,842.00), custodial expenses ($3,951.62), costs of publication of the notice of arrest ($418.50), survey cost ($400), and all fees of the U.S. Marshal incurred during the arrest and sale of the vessel ($2,949.22)." (Dkt. 43 at 4) (footnote omitted.)

As for the legal costs, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. § 1920. *See D&M Carriers, LLC v. Spirit*, 11-80722-Civ-Marra/Hopkins, 2013 WL 12095541, at *1 (S.D. Fla. Oct. 17, 2013). According to Section 1920, only the following may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. 28 U.S.C. § 1920. Thus, the costs for the filing fee and service of process fees are permitted by 28 U.S.C. § 1920 and may be taxed as costs. *See* 28 U.S.C. § 1920 (enumerating allowable costs).

As for the *custodia legis* expenses, the Local Rules allow the court to award "all reasonable expenses paid by the prevailing party incidental to, or arising from the arrest or attachment of any vessel." M.D. Fla. Local R. 7.05(o)(2). Additionally, the Court may tax the fees of the United States marshals. *See* 28 U.S.C. § 1921. As such, it is recommended that the Court tax the requested legal costs and *custodia legis* expenses, for a total of $10,101.34.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Attorneys' Fees, Costs and Other Expenses (Dkt. 43) be **GRANTED**; and

2. Plaintiff be awarded reasonable attorney's fees in the amount of $36,642.50 and costs in the amount of $10,101.34.

**IT IS SO REPORTED** in Tampa, Florida, on May 1, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record